**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MILTON WESTLEY, CLIFFORD BRODIE, SEDALE PERVIS, DEJUAN WARD, MICHAEL BELLE, MICHAEL VIA | No. 3:17-CR-171 (MPS) |

**RULING ON PRE-TRIAL MOTIONS**

**I.   Background**

On August 3, 2017, following an investigation into several shootings in New Haven in 2016, a grand jury returned a multi-count indictment charging six individuals with various offenses, including RICO conspiracy, violent crimes in aid of racketeering ("VCAR"), various offenses related to possession, transfer, and use of firearms, and possession with intent to distribute narcotics. (ECF No. 1.)

Pending before the Court are pretrial motions filed by Defendants Milton Westley and Dejuan Ward. The Court held a hearing on certain of these and other pretrial motions on April 10, 2018.[1] The Court assumes familiarity with the Indictment and with the recitations of facts and arguments set forth in the various pretrial motions.

**II.   Discussion**

    **a.   Westley's Motion for Notice of Intention to Use Evidence**

---

[1] With the Court's permission, Defendant Westley and his counsel did not attend the hearing. Westley advised that he did not object to the Court ruling on his pretrial motions on the papers. The Court will rule on the motions in limine filed by the parties, and any other motions in limine filed, closer to or during trial. The Court will also rule separately on three motions to suppress evidence seized from Ward, Brodie, and Belle's Facebook accounts (ECF Nos. 96, 104, and 121) and Ward's motion to suppress eyewitness identification testimony (ECF No. 103).

Westley's motion for notice of intention to use evidence concerning other acts or uncharged crimes under Fed. R. Evid. 404(b) and 608(b) (ECF No. 57) is DENIED as moot, as the Government has stated in its response (ECF No. 110 at 13-18) that it has disclosed to Defendant its intention to use evidence of the December 30, 2012 shooting of James Harris. As to specific admissibility questions regarding any evidence that may implicate Rules 404(b) or 608(b), the Court reserves ruling until trial.  The Court will rule on the motion in limine (ECF No. 56) as to the admissibility of this evidence and other evidence of other acts either at or near the pretrial conference or during trial.

### b. Ward's Motions

#### 1. Motion for bill of particulars (ECF No. 62)

Defendant Ward's motion for a bill of particulars is DENIED. The motion seeks a level of detail to which Ward is not entitled at the pleadings stage.  The information the Second Circuit found should have been particularized in the case on which Ward relies, *United States v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988)—i.e., the names of the companies that were victims of the extortion scheme—was not nearly as detailed and specific as the information Ward seeks in his motion. Further, in this case, the indictment is reasonably specific as to Ward, describing, among other things, an alleged shooting by him as one of the overt acts of the alleged RICO conspiracy, including the date and the identity of the victim—none of which the Government was required to plead. *Salinas v. United States*, 522 U.S. 52, 63 (1997) (RICO conspiracy does not require overt act).

The indictment also alleges other specific offenses against Ward.  Further, the Government has set forth in its briefs in this case more particulars of the expected proof against Ward, and has also described his involvement in and promotion of the alleged enterprise through descriptions of

Facebook posts which it intends to introduce at trial. (*See* ECF Nos. 63 at 2; 104, Ex. A ¶ 26; 110 at 3-4; 117 at 8.) This is sufficient detail to put Ward on notice of the charges he is facing. And, according to the Government, he has received much more particularized information about the evidence against him in meetings with the Government and through the disclosure of documents and other evidence in the discovery process, some of which is described in detail in the Government's briefs. (*See id.*)

### 2. Motion to sever (ECF No. 97)

Ward's motion to sever under Rule 8 of the Federal Rules of Criminal Procedure is DENIED. All of the defendants are charged in a RICO conspiracy, which has itself been adequately alleged, and the RICO conspiracy supplies the common plan or scheme out of which the charges against the defendants arise. *See United States v. Rittweger*, 524 F.3d 171, 177 (2d Cir. 2008) ("[T]he 'same series of acts or transactions' language of Rule 8(b) [means] that joinder is proper where two or more persons' criminal acts are unified by some substantial identity of facts or participants, or arise out of a common plan or scheme.") (internal quotation marks omitted); *United States v. Rastelli*, 653 F. Supp. 1034, 1041 (E.D.N.Y. 1986) ("[A] RICO conspiracy charge may provide the unifying link among the substantive crimes that form the basis of the pattern of racketeering activity for purposes of their joinder under Rule 8(b).").

The motion for severance under Rule 14 is also denied, as the demanding standard for a Rule 14 severance has not been met, and the efficiency of trying the defendants together easily outweighs any prejudice. The court will consider giving limiting instructions (if requested) aimed at focusing the jury's attention on the evidence as to each defendant.

### 3. Motion to dismiss Count One (ECF No. 99)

Ward's motion to dismiss Count One is DENIED. Count One alleges the elements of a RICO conspiracy and provides an approximate time and place for the conspiracy. It adequately identifies the enterprise by describing a particular street gang, its history, its locale, its members, its allies, and its rivals; it also lists a series of purposes that allegedly animated the group. (ECF No. 1 ¶ 7.) Though a RICO conspiracy count is not required to, Count One also alleges manner and means and several overt acts, including one by Ward, identified with a date and victim. There are sufficient facts to enable Ward to plead double jeopardy for future prosecutions of the same charges. The indictment also alleges specific acts by Ward in furtherance of the conspiracy after he turned eighteen, including the alleged shooting of Pharoh Jackson. *United States v. Wong*, 40 F.3d 1347, 1365 (2d Cir. 1994) ("It is well established that federal courts have jurisdiction over conspiracies begun while a defendant was a minor but completed after his eighteenth birthday.")

### 4. Motion to Dismiss Count Four (ECF No. 100)

The motion to dismiss Count Four is DENIED, but the Court will instruct the jury at trial (if requested) that, to convict on Count Four, it must find that Ward carried a firearm during and in relation to a predicate crime of violence and/or drug trafficking crime on some occasion other than his alleged shooting of Pharoh Jackson. *See United States v. Arline*, 835 F.3d 277, 282-83 (2d Cir. 2016).

The portion of the motion to dismiss Counts Four, Five, Ten, and Eleven (ECF No. 102) raising double jeopardy concerns about Counts 4 and 5 is DENIED for the same reasons.

Finally, while the time period of the predicate RICO conspiracy is considerably longer than that for the usual 924(c) predicate offense, it is shorter than the periods for the predicate conspiracies in *Arline*, and the Government has set forth in its briefs information that particularizes the anticipated proof of occasions on which Ward allegedly carried a firearm.

5.  Motion to Dismiss Count Ten (ECF No. 101)

The motion to dismiss Count Ten is DENIED without prejudice. Ward argues that the statutory provision underlying the charge in Count Ten, 18 U.S.C. 922(g)(3),[2] is both unconstitutionally vague on its face and as applied to Ward, and violates the Second Amendment on its face and as applied to Ward.

Although it may be possible to bring a facial vagueness challenge to 18 U.S.C. 922(g)(3) even though it does not implicate First Amendment-protected activity, *see Dickerson v. Napolitano*, 604 F.3d 732, 743-44 (2d Cir. 2010), this is not a situation in which "no set of circumstances exists under which the law would be valid," *id.* (internal quotation marks omitted), and does not involve a loitering statute. *Id.* Thus, it is likely that a facial vagueness challenge to Section 922(g)(3) is improper.  As the Government correctly notes, that is the conclusion reached by many other courts that have addressed the same facial vagueness challenge to Section 922(g)(3) that Ward raises here. *See United States v. Nguyen*, No. 13-CR-6044L, 2014 WL 1512030, at *14 (W.D.N.Y. Apr. 7, 2014) ("Although the Second Circuit has not addressed this issue, several other federal appellate courts have rejected such challenges—notably, after trial.") (collecting cases). Accordingly, the Court will not entertain a facial vagueness challenge, and an as-applied challenge is premature before trial.  The defendant may renew his motion at trial after the Government rests.

Ward's claim that Section 922(g)(3) facially violates the Second Amendment also fails. To prevail on a facial challenge, a plaintiff must show that the law is unconstitutional in all possible applications. *United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a

---

[2] This statute provides: "It shall be unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(3).

legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."). Ward has not demonstrated that Section 922(g)(3) is unconstitutional under the Second Amendment in all possible applications, and it is apparent that there is at least one—if not many—applications of this provision that would be constitutional even if subjected to the heightened scrutiny reserved for gun regulations that "operate as a substantial burden on the ability of law-abiding citizens to possess and use a firearm for self-defense (or for other lawful purposes)." *United States v. Decastro*, 682 F.3d 160, 166 (2d Cir. 2012) (holding that 18 U.S.C. § 922(a)(3), which bars transportation into one's state of residence of firearms acquired out of state, did not substantially burden the right to keep and bear arms and was thus not subject to heightened scrutiny); *Kachalsky v. Cty. of Westchester*, 701 F.3d 81, 98 (2d Cir. 2012). For example, Congress would surely have a sufficiently important—indeed compelling—interest in prohibiting an individual from possessing a firearm at the moment the individual uses and is under the influence of controlled substances. *See, e.g.*, *United States v. Dugan*, 657 F.3d 998, 999 (9th Cir. 2011) ("Habitual drug users, like career criminals and the mentally ill, more likely will have difficulty exercising self-control, particularly when they are under the influence of controlled substances."); *United States v. Yancey*, 621 F.3d 681, 686 (7th Cir. 2010) (discussing the "strong connection between drug use and violence" documented in academic research). I agree with those courts that have held that they need not determine the appropriate level of scrutiny, as a facial challenge would fail under either intermediate or strict scrutiny, which means it would also fail if Section 922(g)(3) were not subject to heightened scrutiny at all. *See United States v. Seay*, 620 F.3d 919, 925 (8th Cir. 2010) (noting that Section 922(g)(3) is the type of longstanding prohibition on the possession of firearms that

*District of Columbia v. Heller*, 554 U.S. 570 (2008), declared presumptively lawful). Ward may renew his as-applied challenge after the government rests.

      6.   Motion to dismiss Counts Four, Five, Ten, and Eleven (ECF No. 102)

This motion to dismiss Counts Four, Five, Ten, and Eleven is DENIED. The double jeopardy claim as to Counts Four and Five is addressed in the ruling on ECF No. 100, *supra*. As for Counts 10 and 11, the motion to dismiss is denied because the Court expects to dismiss the separate indictment, No. 17-CR-58 (MPS), when it enters judgment on this one. The Government has represented that it will move to dismiss and that it seeks to maintain the separate indictment only in the event a statute of limitation or other defect arises affecting this one; in the meantime, there have been no proceedings on the separate indictment, which has lain dormant since this indictment was returned.

      7.   Motion to suppress evidence obtained after arrest and for *Franks* hearing (ECF No. 105)

Ward's motion to suppress evidence DNA obtained from him after his arrest is DENIED. Ward argues that Special Agent Sorrentino made the following misrepresentations in the affidavit attached to his application for a search warrant to take DNA swabs from Ward while he was in custody: first, that Sorrentino, "along with other law enforcement officers and Agents[,] believe that after comparing the visible consistencies between the revolver in Picture-1 and Picture-2 with the revolver recovered in Wallingford on December 30, 2016, that they are all in fact the same firearm" (ECF No. 105-1 ¶ 12);[3] and second, that "[a] criminal history check on [Ward] revealed that he is a convicted felon with two prior juvenile felony convictions for: Carrying Pistol without a Permit (07/23/13); [and] Robbery 2nd Degree (01/29/2013)." (*Id*. ¶ 14.) Ward has not made a

---

[3] Six photos were attached to Special Agent Sorrentino's affidavit and submitted to the Magistrate Judge. (ECF No. 105-1 at 20-25; ECF No. 112-1 at 9-13.)

7

preliminary showing, as required under *Franks v. Delaware*, 438 U.S. 154 (1978), that Special Agent Sorrentino's affidavit contained any deliberately false statements or statements made with reckless disregard of the truth.

The first alleged misrepresentation Ward points to does not appear to be a misrepresentation of fact at all. Rather, it is a statement of the agent's opinion, formulated after comparing the relevant photos. Even if this opinion was based on mistakes or negligence, the statement would not warrant suppression. *See United States v. Rajaratnam*, 719 F.3d 139, 153 (2d Cir. 2013) (misstatements or omissions caused by negligence or innocent mistakes do not warrant suppression).

Further, the photos were attached to Special Agent Sorrentino's affidavit, and a review of the color versions (ECF No. 112-1 at 9-13)—which the Government represents were provided to the Magistrate Judge—shows that the opinion was reasonable. For example, in the photograph allegedly depicting Ward holding a gun, a silver metallic streak is visible in the same location on the gun as in a photograph allegedly depicting the right side of a gun found in the minivan Ward allegedly occupied following a December 30, 2016 shooting in Wallingford. (*See* ECF No. 112-1 at 9, 13.) In both cases, the silver streak is in the location of the gun's serial number, and on the photo of the gun found in the minivan, it appears that the streak was made by an effort to scratch away the black paint and apparently the underlying serial number. (*See id.* at 13.) In any event, even if reasonable minds could disagree about whether the guns were the same, Special Agent Sorrentino provided the photographs to the Magistrate Judge, who therefore had the necessary information to scrutinize the basis for Special Agent Sorrentino's opinion herself. Thus, Ward has not demonstrated that the affidavit misled the Magistrate Judge in any way, let alone intentionally or recklessly. *See United States v. Awadallah*, 349 F.3d 42, 68 (2d Cir. 2003) ("*Franks* protects

against omissions that are *designed to mislead*, or that are made in *reckless disregard of whether they would mislead*, the magistrate.") (quoting *United States v. Coakley*, 899 F.2d 297, 300-01 (4th Cir. 1990)) (emphasis in original). *See also United States v. Mirilishvili*, No. 14 CR 810 (CM), 2015 WL 5820966, at *8-11 (S.D.N.Y. Oct. 2, 2015) (defendant did not establish that a law enforcement affidavit provided to the magistrate judge was misleading, as required for a *Franks* hearing, where the affidavit detailed the investigation and attached surveillance photographs of defendant, but allegedly left out important "context").

The second alleged misrepresentation, Special Agent Sorrentino's statement that Ward was a "convicted felon" and had "two prior juvenile felony convictions," is a legal conclusion, not a statement of fact, because it characterizes Ward's prior juvenile offense adjudications. Thus, the statement could not reasonably have misled the Magistrate Judge, who could, of course, have looked up the relevant legal provisions to the extent she did not already know them. The statement was also immaterial. The concluding paragraphs of Special Agent Sorrentino's affidavit seek authorization for DNA swabs on the basis that Ward knowingly possessed a firearm with an obliterated serial number (ECF No. 105-1 ¶ 17)—a basis that, as noted above, was supported by the photographs supplied to the Magistrate Judge. The affidavit does not suggest that there was probable cause to believe that Ward committed any crime by possessing a firearm after being convicted of the juvenile offenses described as "felon[ies]." Even if the statement about Ward's prior juvenile offenses was a misrepresentation of fact, which it was not, it would still not warrant a *Franks* hearing. That is so because even if the statement were excised from the affidavit, the corrected affidavit and the attached photos would still support a finding of probable cause. *See United States v. Canfield*, 212 F.3d 713, 718 (2d Cir. 2000) ("If the corrected affidavit supports probable cause, the inaccuracies were not material to the probable cause determination and

9

suppression is inappropriate."). Therefore, Ward has not made a preliminary showing sufficient to warrant a hearing under *Franks*.

> 8. <u>Motion to compel disclosure of evidence and for extension of time (ECF Nos. 106, 107)</u>

Ward's motion to compel disclosure of two video recordings of two custodial interrogations of him on December 31, 2016 and January 6, 2017, respectively, is DENIED as moot, as the Government's and Ward's subsequent filings (ECF Nos. 117, 130) state, and counsel for Ward represented at the April 10 hearing, that he has received the recordings at issue.

Ward's motion for extension of time to file additional pretrial motions is GRANTED in part and DENIED in part. The Court set a supplemental briefing schedule on particular issues during the April 10 hearing. (*See* ECF No. 134.)

### III. Conclusion

For the reasons discussed above, Westley's motion for notice of intention to use evidence concerning other acts or uncharged crimes (ECF No. 57) is DENIED as moot. Ward's motion for bill of particulars (ECF No. 62), motion to sever (ECF No. 97), motions to dismiss Counts One, Four, Five, Ten, and Eleven (ECF Nos. 99, 100, and 102), and motion to suppress evidence obtained after arrest (ECF No. 105) are DENIED. Ward's motion to dismiss Count Ten (ECF No. 101) is DENIED without prejudice. Ward's motion to compel disclosure of evidence (ECF No. 106) is DENIED as moot. The motion for extension of time (ECF No. 107) is GRANTED in part and DENIED in part, as discussed during the April 10 hearing.

IT IS SO ORDERED.

      /s/              
Michael P. Shea, U.S.D.J.

Dated:    Hartford, Connecticut
          April 17, 2018